**SAMOA AVIATION, INC., dba SAMOA AIR, Plaintiff**

**v.**

**ROBERT G. BENDALL, PACE AVIATION, LTD. and PAL AIR INTERNATIONAL, INC., Defendants**

High Court of American Samoa
Trial Division

CA No. 50-95

August 25, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel:     For Plaintiff, Marshall Ashley
             For Defendants, Togiola T.A. Tulafono

Order Directing Plaintiff to Secure Surety Bond or to Deposit Funds:

## PROCEDURAL HISTORY

On June 13, 1995, this court issued a preliminary injunction, enjoining defendants, together with their officers, servants, employees, and attorneys, and those persons acting in concert or participation with them, from selling, transferring, encumbering, attempting to sell, transfer, or encumber, from taking possession of, attempting to take possession of, removing, or attempting to remove from American Samoa or elsewhere, any of the aircraft, including two DeHavilland Twin Otter aircraft ("N711AS" and "N28SP"), currently possessed by plaintiff Samoa Aviation Inc. ("Samoa Air").

Defendants were preliminarily enjoined as long as the written undertaking, required by A.S.C.A. § 43.1309(a) and previously filed by Samoa Air, in the sum not to exceed $500,000 with James A. Porter and Constance Marie Porter ("the Porters") as personal sureties, remained in full force

and effect. Samoa Air filed this undertaking on May 11, 1995, as the court the directed, to maintain the preliminary restraining order then in effect pending the hearing on the application for a preliminary injunction.[1]

On July 14, 1995, defendants moved this court either to dissolve the injunction on the ground that the present undertaking is not secured by sufficient sureties, or to require Samoa Air and the Porters to secure the undertaking by depositing with the court funds or pledges of property in American Samoa equal in value to the undertaking or $8,500 per week as the required amounts payable by Samoa Air to defendants under their various agreements. The motion came regularly for hearing on August 17, 1995. Both parties were represented by counsel.

## DISCUSSION

■ A.S.C.A. § 43.1309(a) requires, prior to the issuance of a preliminary injunction, a written undertaking with sufficient sureties to assure that enjoined parties will receive the costs and damages that they may sustain by reason of the injunction, if the court decides that the applicant should not have been entitled to the injunction or should pay damages as the court may determine.

Defendants contend that the preliminary injunction should be dissolved because the undertaking is legally inadequate with the Porters, in their individual capacities, as personal sureties. They claim that the Porters have not shown that they are able to pay up to $500,000 in the event the defendants prevail on the merits. A trial date has not yet been scheduled, and the parties may not be ready for trial for several months. Therefore, if the defendants then prevail, plaintiff could owe a substantial amount to them. However, at this juncture, dissolving the injunction is inappropriate as a drastic and unnecessary option.

Under this scenario, defendants suggest two alternatives. First, either Samoa Air files a corporate surety bond in the amount of $500,000, or Samoa Air and the Porters deposit with the court funds in this amount or property locally situated of this value. Second, Samoa Air pays into the court registry $8,500 per week. Requiring either a corporate surety bond or a deposit of funds or property is appropriate in view of the prospective

---

[1]  In addition to the undertaking, Samoa Air also filed a copy of its certificate of insurance with defendants Pace Aviation, Ltd. and Pal Air, Inc. listed as added loss payees. On May 10, 1995, in chambers, the parties agreed that the continued existence of the temporary restraining order was contingent on Samoa Air's filing of these two documents.

lapse of time before trial and defendants' potential recovery. The weekly payment proposal is likewise reasonable.

The weekly payment suggested is approximately the combined amount that Samoa Air was paying defendants under their several agreements until February 1994. At that time, Samoa Air lowered the weekly payments, unilaterally, from $8,555 to $5,100. It then paid the lower amount until either February or April 1995, at which time Samoa Air stopped making payments altogether. This action arose out of defendants' immediate reaction to the payment stoppage.

Since the legal status of N711AS and N43SP is the main remaining issue in this matter, the payment schedules for them may be appropriately used to calculate an equitable weekly amount to pay into the court registry. Under the agreements, the amounts payable were $7,395 per month for N711AS and $8,874 per month for N43SP, which together equal $3,754.39 per week, based on a 52 week payment program.

## ORDER

We deny defendants' motion to dissolve the preliminary injunction, but will require Samoa Air to provide additional surety for the undertaking.

The undertaking of $500,000 with the Porters as personal sureties will remain in place. In addition, no later than October 2, 1995, and pending final disposition of this matter or until further order of the court, Samoa Air shall:

(1) file with the clerk of courts a corporate surety bond in the amount of $500,000; or

(2) deposit, or cause either or both of the Porters to deposit, with the clerk of court cash in the sum of $500,000 or one or more pledges of property within American Samoa having a total value of $500,000, or a combination of cash or pledges totaling $500,000; or

(3) file a corporate surety bond and deposit cash and/or pledges of property in the aggregate amount of $500,000 with the clerk of courts; or

(4) pay into court registry $3,750 in cash and the same amount on Monday of each week thereafter.

It is so ordered.